## WELLBORN, administrator, *vs*. HOOD.

1. There was no error in this case which demands the grant of a new trial.
2. Where, during the term of a lease the landlord died, and at the expiration thereof the tenant moved from the premises, and in good faith abandoned possession, and another then took possession as owner, that the tenant some time thereafter-rented from him and re-took possession as his tenant did not again render him a tenant of the original landlord or his representative.

SPEER, Justice.

## JESTING *vs*. THE STATE OF GEORGIA.

1. While in a prosecution for an assault with intent to rape, statements of the female assaulted several hours after the transaction, would not ordinarily be admissible, yet where the defendant came up to the girl assaulted while the statements were being made, and upon being informed of them admitted their truthfulness, such statements were admissible in evidence.
2. The verdict is supported by the evidence.

SPEER, Justice.

## THE ALABAMA GREAT SOUTHERN RAILROAD COMPANY *vs*. CURETON & PEARCE.

A letter from the agent of a railroad to certain shippers contained the following statement of rates: "The rate on iron from Rising Fawn to Chattanooga shall be six dollars to Chattanooga, and five dollars to any point on or beyond the Nashville, Chattanooga and St. Louis railroad per car load of 2,268 pounds:"

*Held*, that the reasonable construction of this contract was that the rate should be six dollars per car load when shipped from Rising Fawn only to Chattanooga, and five dollars when shipped to any point beyond Chattanooga. The low rate did not apply to iron shipped at Chattanooga.

(*a*.) The verdict is contrary to the charge of the court.

CRAWFORD, Justice.